IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)
CASE NO.: 3:21-cv-00584-CHB-RSE

ROY A. WILLIAMS                                                        PLAINTIFF
158 Triune Trace
Elizabethtown, Kentucky 42701


v.


BANK OF AMERICA, N.A.                                              DEFENDANT
100 N. Tryon Street
Charlotte, North Carolina 28255


** ** ** **

## AMENDED COMPLAINT

Comes the Plaintiff, Roy A. Williams, by counsel, and for his Amended Complaint against

the Defendant, Bank of America, N.A. ("BOA"), states as follows:

## I. PRELIMINARY STATEMENT

1.       This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes;

BOA's false reporting to Equifax, Experian, and Trans Union of late payments and a charge-off

status on Plaintiff's BOA account; BOA's unauthorized access of Plaintiff's credit information in

connection with a BOA credit card for which Plaintiff never applied; and BOA's failure to correct

its false reporting on Plaintiff's credit reports.

## II. PARTIES

2.       Plaintiff, Roy A. Williams, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 158 Triune Trace, Elizabethtown, Kentucky 42701.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, BOA, is a national banking organization doing business in the Commonwealth of Kentucky with its principal place of business at 100 N. Tryon Street, Charlotte, North Carolina 28255.

5.      BOA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

### III.  JURISDICTION

6.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants' doing business in Hardin County, Kentucky.

### IV.  FACTUAL BACKGROUND

7.      In or around July 2021, Plaintiff accessed his Equifax, Experian, and Trans Union credit reports and discovered a BOA tradeline reporting as charged off and with alleged late payments. In 2017, Plaintiff entered into an agreed payment arrangement with BOA respecting the balance due on the BOA account; Plaintiff has kept current with the agreed payment arrangement since its inception in 2017.  Plaintiff has not been late on his payments to BOA, and the account has never been charged off.

8.      Immediately upon discovering the false and derogatory BOA tradeline, Plaintiff filed disputes with Experian, Equifax, and Trans Union regarding the inaccuracy of the BOA tradeline.

9.      Upon information and belief, Equifax, Trans Union, and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified BOA of the disputes at or within five (5) days of Equifax's, Trans Union's, and Experian's receiving notice of the disputes from

Plaintiff.

10. In July and August 2021, Plaintiff received the results of his disputes to Equifax, Experian, and Trans Union. Those results indicated that none of the Defendants amended the tradeline to reflect Plaintiff's pays-as-agreed and current status.

11. Despite Plaintiff's lawful request for removal or amendment of the disputed item pursuant to the FCRA, BOA, Equifax, Experian, and Trans Union failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports or to amend Plaintiff's credit reports.

12. Upon information and belief, the Defendants did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following Defendants' receipt of Plaintiff's disputes.

13. In addition, in July 2022, Plaintiff accessed his Experian credit report and discovered a "hard" inquiry from BOA in connection with Plaintiff's alleged application for a BOA/Alaska Air credit card. Plaintiff, however, never applied for a BOA/Alaska Air credit card and never gave permission to BOA to access Plaintiff's credit information. BOA's unauthorized access of Plaintiff's credit information lowered Plaintiff's credit score.

14. BOA's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to BOA's failure to investigate Plaintiff's disputes, BOA's false reporting of the subject tradelines on Plaintiff's credit reports, and BOA's unauthorized access of Plaintiff's credit information. In addition, the BOA's violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V.  <u>CLAIMS</u>

### Negligent Violation of the Fair Credit Reporting Act – BOA

15.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16.     BOA's failure to investigate Plaintiff's disputes, its initial and continuing false reporting to Equifax, Experian, and Trans Union of the alleged charge off status and late payments on the BOA account, and its unauthorized access of Plaintiff's credit information are violations of BOA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

17.     BOA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which BOA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – BOA

18.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19.     BOA's failure to investigate Plaintiff's disputes, its initial and continuing false reporting to Equifax, Experian, and Trans Union of the alleged charge off status and late payments on the BOA account, despite BOA's knowledge of the falsity of its reporting, and BOA's unauthorized access of Plaintiff's credit information are willful violations of BOA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

20.     Given BOA's knowledge of the falsity of its reporting and its knowledge that its July 2022 access of Plaintiff's credit information was unauthorized, BOA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which BOA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Roy A. Williams, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY  40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*